JENKINS, APPELLANT, *v.* KELLER, ADMR., APPELLEE, ET AL.

(No. 39754—Decided April 27, 1966.)

**124**

*Messrs. Traxler, Malkoff & Schwartz* and *Mr. Marvin Traxler*, for appellant.

*Mr. William B. Saxbe*, attorney general, and *Mr. Donald M. Colasurd*, for appellee.

ZIMMERMAN, J. Although not alleged in the petition, it is now agreed by all concerned that Jenkins, the decedent, entered into his contract of employment with The Youngstown Cartage Company at its branch office in the city of Baltimore, Maryland. He met sudden death while engaged in work for his employer in the state of Maryland near that city.

The record discloses that, by reason of the death of her husband, appellant herein applied to the Workmen's Compensation Commission of Maryland for an award on behalf of herself and her three minor children, and that death benefits were granted her there in the sum of $15,000, plus $500 for funeral expenses. Her resort to the Industrial Commission of Ohio was an attempt to obtain the difference between the Maryland award and the larger amount allowed in Ohio as death benefits.

Jenkins and his employer had entered into a written agreement at Youngstown as authorized by Section 4123.54, Revised Code, and on a form designated as C-110, wherein it was stipulated that the workmen's compensation law of Ohio should govern in the event of the injury or death of the employee in the course of and arising out of his employment, and such agreement was filed with the Industrial Commission of Ohio. As far as the record discloses, that agreement was operative when Jenkins died.

So much of Section 4123.54, Revised Code, as is pertinent here, reads:

"Whenever, with respect to an employee of an employer who is subject to and has complied with Sections 4123.01 to 4123.-94, inclusive, of the Revised Code, there is possibility of conflict with respect to the application of workmen's compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed."

From a reading of the quoted statute, it is plain that the authorized agreement between an employer and his employee contemplates a situation where the contract of employment and the work to be performed by the employee, in whole or in part, are, respectively, made and performed in a state other than Ohio.

So far, so good for the appellant. But, the statute is not concerned with the subject of appeal and says nothing about it.

When it comes to an appeal from the Industrial Commission of Ohio to a Court of Common Pleas of this state, one must turn to Section 4123.519, Revised Code, which in its applicable part recites:

"The claimant * * * may appeal a decision of the Industrial Commission in any injury case * * * to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.

"* * *

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. * * *"

In 58 Ohio Jurisprudence 2d 338 to 340, Section 178, the statement is made, supported by cases, that:

"The jurisdiction of the Court of Common Pleas over claims upon the State Insurance Fund (which jurisdiction has been held exclusive) is wholly statutory, and is not included within its general jurisdiction. The Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such as is bestowed upon them under the provisions of the act.

"Under the Workmen's Compensation Act presently in force, as well as under its predecessor, an appeal by a claimant or employer from a decision of the Industrial Commission in any injury case, other than as to the extent of disability, is to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. A failure to bring the action in the proper county is a jurisdictional defect which cannot be waived by the defendant, and an objection on the ground of want of jurisdiction may be made at any time during the trial, and is not waived by the filing of a plea of the general issue. * * *"

Since the contract of employment was entered into in Maryland and decedent was killed in that state, the Court of Common Pleas of Mahoning County or, for that matter, the Court of Common Pleas of any other county in Ohio was wholly without jurisdiction to entertain the appeal.

Furthermore, it is well settled that, where a court has no jurisdiction over the subject matter of an action, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court. 3 Ohio Jurisprudence 2d 48, 49, Section 189; *Baltimore & Ohio Rd. Co.* v. *Hollenberger*, 76 Ohio St. 177, 81 N. E. 184; *Industrial Commission* v. *Weigand*, 128 Ohio St. 463, 191 N. E. 696.

In support of the contention that the Court of Common Pleas of Mahoning County had jurisdiction to entertain and

decide the appeal, counsel for appellant rely on the case of *Mantho* v. *Board of Liquor Control,* 162 Ohio St. 37, 120 N. E. 2d 730.

However, that case stands only for the proposition that, where a Court of Appeals has *general jurisdiction of the subject matter of an appeal* from a judgment of a Court of Common Pleas, any irregularity in prosecuting such appeal is waived by failure of the party having the right to do so to make objection until after the Court of Appeals has heard the appeal and rendered judgment; the judgment so rendered is valid and will not be disturbed on a collateral attack on the ground of lack of jurisdiction. As pointed out earlier in this opinion, "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such as is bestowed upon them under the provisions of the act." And, any appeal to a Court of Common Pleas from a decision of the Industrial Commission in an injury or death case is strictly limited by Section 4123.519, Revised Code, to the county where the injury or death occurred or to the county in which the contract of employment was made, if the injury or death occurred outside this state.

The judgment of the Court of Appeals in favor of the administrator is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL and BROWN, JJ., concur.
HERBERT and SCHNEIDER, JJ., dissent.

SCHNEIDER, J., dissenting. In my opinion, the written matter contained on the form designated as C-110 and characterized by Judge Zimmerman as "a written agreement [entered into] at Youngstown" between the employee and employer is a material part of the "contract of employment." Therefore, Section 4123.519, Revised Code, controls, so as to confer jurisdiction of this appeal upon the Court of Common Pleas of Mahoning County. Accordingly, I would reverse. *It is important to note that the administrator admits that he had jurisdiction of appellant's claim. He merely contends that no appeal to court lies from the final administrative disposition of his decision on the claim adverse to the appellant.*

HERBERT, J., concurs in the foregoing dissenting opinion.