OPINION
On April 18, 1984, appellant Marvin Garmier filed a self-insured occupational disease claim application with the Bureau of Workers' Compensation. The application alleged that appellant suffered hearing loss in both ears as a result of exposure to noise in his workplace. He alleged that the symptoms first appeared in January of 1983, but he lost no time from work as a result of the condition. The claim was rejected by Republic Steel Corporation, the predecessor to appellee LTV Steel Company, on the basis that his hearing loss did not arise out of or in the course of employment.
A hearing was scheduled before a district hearing officer of the Industrial Commission of Ohio. As a result of that hearing, appellant's claim was allowed for loss of hearing in his left ear, but denied for loss of hearing in his right ear. The Industrial Commission further found that there was no compensable lost time resulting from the hearing loss in his left ear.
On October 29, 1992, appellant filed an application for determination of the percentage of permanent partial disability. A district hearing officer awarded 17% permanent partial disability. However, the award was vacated on appeal.
On December 9, 1994, appellant filed two motions requesting that his claim be further allowed for tinnitus and Meniere's Disease. The motions were consolidated for hearing before the Industrial Commission. Both claims were denied by a district hearing officer on September 20, 1996. This order was affirmed by a staff hearing officer. The Industrial Commission denied further appeal, and appellant filed a Notice of Appeal to the Stark County Common Pleas Court.
Appellee moved the Stark County Common Pleas Court to grant summary judgment in its favor, on the basis that the claim was barred by the six-year statute of limitations found in R.C.4123.52. Appellee submitted an affidavit of appellant, stating that he never received compensation for temporary total disability or permanent partial disability in his claim. The trial court sustained the motion for summary judgment, finding that the Industrial Commission lacked jurisdiction to hear the December 9, 1994 motions of appellant.
Appellant assigns one error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN DETERMINING THAT THE TRIAL COURT LACKED JURISDICTION TO PROCEED WITH PLAINTIFF-APPELLANT'S APPEAL.
Appellant does not challenge the court's finding that his claim was filed outside the six-year period of limitations, found in R.C. 4123.52. However, appellant argues that appellee waived the issue of jurisdiction by failing to raise it before the Industrial Commission. Appellant argues that appellee cannot raise the question of jurisdiction for the first time on appeal to the Common Pleas Court.
In Jenkins vs. Keller (1966), 6 Ohio St.2d 122, a widow-claimant appealed the denial of her husband's death claim to the Court of Common Pleas in Mahoning County. The Common Pleas Court found in favor of the claimant, and awarded death benefits. For the first time on appeal to the Court of Appeals, the Administrator of the Bureau of Workers' Compensation argued that the trial court lacked subject matter jurisdiction pursuant to R.C. 4123.519, as the case had been filed in the wrong county. The Appellate Court reversed and dismissed the case based on lack of subject matter jurisdiction. In affirming the Court of Appeals, the Ohio Supreme Court held that Courts of Common Pleas do not have inherent jurisdiction in workers' compensation cases, but only such jurisdiction as conferred on them under the provisions of the Workers' Compensation Act. Id. at paragraph four of the syllabus. Where a court has no jurisdiction over the subject matter of an action or an appeal, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court. Id. at paragraph five of the syllabus.
We see no reason to distinguish between a workers' compensation appeal taken to the Court of Appeals, and an appeal taken to the Court of Common Pleas. Where the Industrial Commission was without jurisdiction to consider the claim, appellee could not confer jurisdiction on the Industrial Commission by failing to raise the issue. The Common Pleas Court did not err in dismissing the appeal, as the Industrial Commission lacked jurisdiction to award any continuing benefits based on the 1984 claim.
The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.