OPINION
On June 18, 1995, appellant, Fred Barnoff, was operating a motorcycle with his wife, appellant, Michelle Barnoff, as a passenger. Brian Eckerman was operating a motor vehicle. Mr. Eckerman ran a stop sign and collided with a vehicle. This vehicle collided with the motorcycle causing appellants to collide with another vehicle. Appellants sustained severe injuries.
At the time of the accident, Mr. Eckerman was insured by Metropolitan Insurance Company with policy limits in the amount of $50,000/100,000. Appellants settled with Metropolitan exhausting the limits of the policy.
Appellants were insured under four separate policies issued by appellees, Progressive Insurance Company ($100,000/$300,000), Milwaukee Guardian Insurance Company ($100,000/$300,000) and Mennonite Mutual Insurance Company ($300,000 and a $1,000,000 general commercial liability policy). On January 23, 1997, appellants filed a complaint against appellees for payment of underinsured motorist benefits.
On August 1, 1997, appellants filed a motion for summary judgment for the full amount of benefits. Appellees each filed cross-motions for summary judgment. By judgment entry filed October 10, 1997, the trial court denied appellants' motion and granted appellees' separate cross-motions. The trial court determined appellee Progressive was to pay appellants up to $100,000 each less the amount received from Metropolitan and appellee Mennonite was to pay appellants up to $100,000. Appellants were not entitled to recover from appellee Milwaukee or under appellee Mennonite's general commercial liability policy.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments and cross-assignments of error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE GENERAL COMMERCIAL LIABILITY POLICY ISSUED BY MENNONITE MUTUAL INSURANCE COMPANY WAS NOT A MOTOR VEHICLE POLICY FOR PURPOSES OF R.C. § 3937.18 AND, THEREFORE, WAS NOT REQUIRED TO PROVIDE UNDERINSURED MOTORIST COVERAGE.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT SENATE BILL 20 WAS NOT UNCONSTITUTIONAL AS AN IMPERMISSIBLE INFRINGEMENT OF THE CONSTITUTIONAL RIGHTS OF FREEDOM OF CONTRACT, EQUAL PROTECTION AND RIGHT TO REMEDY.
PROGRESSIVE'S CROSS-ASSIGNMENTS OF ERROR I
 THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY ONLY AS TO HOW THE COVERAGES, DETERMINED BY THE COURT TO BE AVAILABLE, ARE TO BE ALLOCATED AMONG THE DEFENDANTS FOR PAYMENT TO THE PLAINTIFFS' SPECIFICALLY, THE TRIAL COURT ERRED IN NOT PROPERLY APPLYING AND ENFORCING THE "OTHER INSURANCE" CLAUSES IN EACH OF THE DEFENDANTS' POLICIES.
PROGRESSIVE'S CROSS-ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN NOT INCLUDING THE MILWAUKEE GUARDIAN INSURANCE CO. POLICY IN THE COVERAGES AVAILABLE FOR SHARING IN THE PAYMENT TO PLAINTIFFS FOR THE REASON THAT THE OTHER OWNED VEHICLE EXCLUSION CONTAINED IN THE MILWAUKEE GUARDIAN POLICY WAS SPECIFICALLY DECLARED INVALID BY THE OHIO SUPREME COURT IN MARTIN V. MIDWESTERN GROUP INS. CO. (1994), 70 OHIO ST.3D 478.
 I
Appellants claim the trial court erred in finding appellee Mennonite's general commercial liability policy was not a motor vehicle policy for purposes of R.C. 3937.18. We agree.
By judgment entry filed October 10, 1997, the trial court held appellee Mennonite's general commercial liability policy "was coverage for Plaintiff Frederick Barnoff's business operations." Mennonite's general commercial liability policy contains a provision titled "Incidental Liability Coverages". This provision grants coverage to "land motor vehicles" under specific circumstances:
 1. Those which are used only on premises owned by or rented to you (premises including adjoining ways).
 2. Those which are designed primarily for use off public roads.
3. Those which travel on crawler treads.
 4. Those which are self-propelled and designed or used only to afford mobility to the following types of equipment, which must be a part of or be permanently attached to such vehicle:
 a. power cranes, shovels, loaders, diggers or drills;
 b. concrete mixers (this does not include the mix-in-transit type); and
 c. graders, scrapers, rollers and other road construction or repair equipment.
 5. Those which are not self-propelled, but are used primarily to afford mobility to the following types of equipment permanently attached thereto:
 a. air compressors, pumps and generators (this includes spraying, welding and building cleaning equipment);
 b. geophysical exploration, lighting and well servicing equipment; and
 c. cherry pickers and similar devices used to raise or lower workers.
In the "Additional Definitions" section, the policy defines auto as "a land motor vehicle, a trailer or a semi-trailer which is designed for use on public roads. Auto includes attached machinery and equipment." The policy specifies exclusions that apply to all liability coverages which state in pertinent part:
 7. We do not pay for bodily injury, property damage, personal injury or advertising injury that arises out of the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading or unloading of:
 b. an auto, except as provided under the Incidental Coverage — Mobile Equipment.
 d. mobile equipment, except as provided under Incidental Coverage — Mobile Equipment.
Based upon our reading of the cited provisions, we find motor vehicle/auto coverage is included under appellee Mennonite's general commercial liability policy. The policy fails to provide uninsured/underinsured motorist coverage as mandated by R.C.3937.18:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
 (1) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
We note policies not including uninsured/underinsured coverage without express rejection by the insured contain said coverage by operation of law. Abate v. Pioneer Mutual Cas. Co.
(1970), 22 Ohio St.2d 161.
Apart from this reasoning, the language "[w]e will provide any liability, uninsured motorists, no fault or other coverages required by any motor vehicle insurance law" and "[w]e will provide the required limits for such required coverage" under "Incidental Liability Coverages" could be construed as providing for R.C. 3937.18 coverage by implication.
Based upon the above reasons, we find appellee Mennonite's general commercial liability policy is a motor vehicle policy and must meet the mandates of R.C. 3937.18.
Assignment of Error I is granted.
 II
Appellants claim the trial court erred in finding S.B. No. 20 was constitutional. We disagree.
Appellees argue appellants' failure to name the attorney general is fatal to this claim of unconstitutionality. R.C.2721.12 requires the following:
 When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard.
The Supreme Court of Ohio has addressed the mandatory nature of R.C. 2721.12 in Malloy v. Westlake (1977), 52 Ohio St.2d 103, at syllabus:
 Failure to serve the Attorney General under R.C. 2721.12
with a copy of the proceeding in a declaratory judgment action which challenges the constitutionality of an ordinance precludes a Court of Common Pleas from rendering declaratory relief in that action.
In a separate concurring opinion, Justice Celebreeze noted the lack of an objection to the failure to name the attorney general is not a waiver of the mandatory requirement.
In Sebastiani v. Youngstown (1979), 60 Ohio St.2d 166, the Supreme Court of Ohio found notice as required in R.C. 2721.12 to be jurisdictional. Subject matter jurisdiction under Civ.R. 12(H)(3) may be raised at anytime, even in the first instance on appeal. Breidenbach v. Mayfield (1988), 37 Ohio St.3d 138, citingJenkins v. Keller (1966), 6 Ohio St.2d 122, 126, 35 O.O.2d 147, paragraph five of the syllabus.
Upon review, we find the issue of the constitutionality of S.B. No. 20 was not properly before the trial court.
Assignment of Error II is denied.
 CROSS-ASSIGNMENT OF ERROR I
Appellee Progressive claims the trial court erred in not allocating among the insurers a pro rata amount each was to pay based upon the "other insurance" clauses of the respective policies. We agree.
In Buckeye Union Ins. Co. v. State Auto Mutl. Ins. Co.
(1977), 49 Ohio St.2d 213, syllabus, the Supreme Court of Ohio held as follows:
 Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies.
Upon review, we find the trial court must allocate the insurers a pro rata amount following our decision in Assignment of Error I and Cross-Assignment of Error II.
Cross-Assignment of Error I is granted.
 CROSS-ASSIGNMENT OF ERROR II
Appellee Progressive claims the trial court erred in not including appellee Milwaukee's policy in the coverages available in light of the Supreme Court of Ohio's decision in Martin v.Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478. We agree.
Appellee Milwaukee's policy includes an exclusionary provision in its policy referred to as the "other owned vehicle" exclusion:
 This coverage does not apply to bodily injury sustained by a person:
 (1) While occupying, or through being struck by, a land motor vehicle or trailer, owned by you or a relative for which insurance is not afforded under this endorsement.
Appellee Milwaukee argues the motorcycle appellants were riding fits the "other owned vehicle" exclusion and discharges them from underinsured coverage.
In Martin at paragraph three of the syllabus, the Supreme Court of Ohio found such an exclusion was in violation of R.C.3937.18:
 3. An automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. (State Farm Auto. Ins. Co. v. Alexander [1992], 62 Ohio St.3d 397, 583 N.E.2d 309, syllabus, approved and followed; Hedrick v. Motorists Mut. Ins. Co.
[1986], 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, (overruled.)
Appellee Milwaukee argues S.B. No. 20 permits such an intrafamily stacking exclusion under R.C. 3937.18(G)(2):
 (G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:
 (2) Intrafamily stacking, which is the aggregating of the limits of such coverages purchased by the same person or two or more family members of the same household.
R.C. 3937.18 as amended became effective on September 3, 1997. The accident sub judice occurred on June 18, 1995 and the cause of action commenced on June 2, 1997. We find Martin to be applicable sub judice.
Cross-Assignment of Error II is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Hoffman J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for reallocation of all the coverages consistent with this opinion.