I respectfully dissent from the majority's opinion. The majority finds that appellant waived the issue of subject-matter jurisdiction by failing to timely object to the trial court's exercise of its jurisdiction beyond the forty-five day time limit set forth in R.C. 2933.43(C).I disagree with this conclusion. In Baltimore Ohio Ry. Co. v. Hollenberger
(1907), 76 Ohio St. 177, the Ohio Supreme Court addressed the issue of subject-matter jurisdiction and explained as follows:
 * * * [I]t has * * * long been a universal rule that an objection to the jurisdiction of the "subject-matter" cannot be waived; because, while parties may voluntarily submit their persons to the jurisdiction of a court which has jurisdiction over the cause, they cannot confer power on the court as to the subject-matter, for the reason that the court can derive its general jurisdiction only from the power which created it, the sovereignty. Id. at 182-183.
Further, the lack of subject-matter jurisdiction may be raised for the first time on appeal. Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus. Therefore, I would conclude that the trial court, having failed to strictly comply with the mandatory requirements of R.C. 2933.42(C) when it accepted and filed the stipulated judgment entry, no longer had subject-matter jurisdiction over the forfeiture proceedings. "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph three of the syllabus.
Accordingly, I would sustain appellant's sole assignment of error.