OPINION
{¶ 1} Appellant Sue Merritt appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted Appellee Stark County Department of Job and Family Services' ("Agency") motion for permanent custody of her two children: Willard Foster and Willow Macko. The following facts give rise to this appeal.
 {¶ 2} On October 5, 2000, the Agency filed a complaint alleging the children were dependent and abused. In its complaint, the Agency requested protective supervision. On December 14, 2000, the trial court found the children to be dependent and ordered protective supervision. On February 28, 2001, the Agency filed a motion for post-dispositional pick-up of the children. The trial court awarded the Agency temporary custody of the children on March 1, 2001.
 {¶ 3} Thereafter, on March 6, 2002, the Agency filed a motion for permanent custody of appellant's two children. The trial court heard the Agency's motion on April 17, 2002. On April 26, 2002, the trial court filed a judgment entry and written findings of fact and conclusions of law terminating appellant's parental rights and awarding custody to the Agency.
 {¶ 4} Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. APPELLANT WAS DENIED HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE COURT GRANTED PERMANENT CUSTODY OF HER CHILDREN TO THE STATE WITHOUT FIRST GIVING HER ACTUAL NOTICE OF THE PERMANENT CUSTODY HEARING.
 {¶ 6} "II. THE TRIAL COURT HAD NO IN PERSONAM JURISDICTION AND ERRED BY GRANTING THE STATE'S MOTION FOR PERMANENT CUSTODY SINCE APPELLANT DID NOT RECEIVE NOTICE OF THE STATE'S MOTION FOR PERMANENT CUSTODY.
 {¶ 7} "III. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY WHEN THE GUARDIAN AD LITEM REPORT WAS UNTIMELY SUBMITTED AND NOT ADMITTED INTO EVIDENCE.
 {¶ 8} "IV. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 9} "V. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I, II {¶ 10} We will address appellant's first and second assignments of error simultaneously as both concern the issue of service and whether appellant received notice of the permanent custody hearing as required by Juv.R. 16(A) and Civ.R. 4.1.
 {¶ 11} Juv.R. 16 provides, in pertinent part:
 {¶ 12} "(A) Summons: service, return
 {¶ 13} Except as otherwise provided in these rules, summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6. The summons shall direct the party served to appear at a stated time and place. Where service is by certified mail, the time shall not be less than seven days after the date of mailing.
 {¶ 14} Except as otherwise provided in this rule, when the residence of a party is unknown and cannot be ascertained with reasonable diligence, service shall be made by publication. * * * Before service by publication can be made, an affidavit of a party or party's counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the person is unknown to the affiant and cannot be ascertained with reasonable diligence and shall set forth the last known address of the party to be served.
 {¶ 15} Service by publication shall be made by newspaper publication, by posting and mail, or by a combination of these methods. The court, by local rule, shall determine which method or methods of publication shall be used. If service by publication is made by newspaper publication, upon the filing of the affidavit, the clerk shall serve notice by publication in a newspaper of general circulation in the county in which the complaint is filed. * * *
 {¶ 16} Civ.R. 4.1 addresses the acceptable methods of service of process, which includes service by registered mail, personal service and service by publication. In the case sub judice, the record indicates appellant received no service of any kind. At the permanent custody hearing, the caseworker testified that she did not know appellant's current address; however, she provided appellant's most recent address and a prior address. Tr. at 5-6. When the motion for permanent custody was filed on March 6, 2002, the Agency requested service on appellant by certified and ordinary mail. Service was attempted by certified mail and that attempt failed on March 26, 2002. Service by certified mail was again attempted, at a different address, on March 28, 2002. This attempt also failed on April 16, 2002, and this was noted on the docket on April 17, 2002. However, this failure of service was not present in the trial court's file at the hearing on April 26, 2002. Thus, the Agency was unaware of the failure of service. No other attempts were made to serve appellant.
 {¶ 17} Although appellant's counsel did not object to failure of service at the permanent custody hearing, the issue of jurisdiction may be raised at any time. Civ.R. 12(H)(3) provides that "whenever it appears * * * that the court lacks jurisdiction of subject matter, the court shall dismiss the action." The issue may be raised for the first time on appeal. Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus. Because appellant was never served with notice of the permanent custody hearing, we reverse and remand this matter to the trial court.
 {¶ 18} Appellant's first and second assignments of error are sustained. We will not address appellant's third, fourth or fifth assignments of error as they are moot based upon our disposition of appellant's first and second assignments of error.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.
Topic: failure to serve party for a permanent custody hearing.