OPINION
{¶ 1} Plaintiff-appellant John Joseph Brown (hereinafter "appellant") appeals from the decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee Liebert Corporation (hereinafter "appellee"). For the reasons which follow, we affirm.
 {¶ 2} Appellant filed a workers' compensation claim against appellee, which was denied by the district hearing officer (hereinafter "DHO"). Appellant appealed the DHO's order, however, the staff hearing officer (hereinafter "SHO") affirmed the order. Appellant appealed the SHO's order. The Industrial Commission of Ohio (hereinafter "commission") refused his appeal on October 3, 2002 (hereinafter "October 3, 2002 order").
 {¶ 3} On October 10, 2002, appellant filed a complaint with the Franklin County Court of Common Pleas. Appellant listed appellee, the commission and C.A. Sullivan, and the Bureau of Workers' Compensation (hereinafter "BWC") as defendants. C.A. Sullivan is a SHO.
 {¶ 4} On December 23, 2002, appellee filed its motion for summary judgment. On April 30, 2003, the trial court granted appellee's motion for summary judgment. The trial court concluded appellant failed to file a notice of appeal as required by R.C.4123.512(A) and (B). Further, the trial court found appellant failed to file a timely notice of appeal with the Franklin County Court of Common Pleas and, as such, the trial court lacked subject matter jurisdiction over appellant's claim.
 {¶ 5} Appellant timely filed the instant appeal and asserts the following assignment of error:
The Franklin County Court of Common Pleas committed reversible error in granting liebert's motion for summary judgment.
 {¶ 6} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 7} Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 8} R.C. 4123.512(A) allows for the appeal of a commission order affecting the right to participate in the workers' compensation fund:
The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 * * *. The filing of the notice of the appeal with the court is the only act required to perfect the appeal.
 {¶ 9} The requirement that the notice of appeal be timely filed with the appropriate court of common pleas is jurisdictional. Day v. Noah's Ark Learning Center, Delaware App. No. 01-CVE-12-068, 2002-Ohio-4245, ¶ 11, citing Gdovichinv. Geauga Cty. Hwy. Dept. (1993), 90 Ohio App.3d 805.
 {¶ 10} Moreover, R.C. 4123.512(B) requires certain facts be pled in the notice of appeal. "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." R.C. 4123.512(B) further instructs "[t]he administrator, the claimant and the employer shall be parties to the appeal" and that the notice of appeal be served "on the administrator of workers' compensation at the central office."
 {¶ 11} The Ohio Supreme Court held the "jurisdictional requirements of R.C. [4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute." Fisher v. Mayfield (1987),30 Ohio St.3d 8, paragraph one of the syllabus, construing former R.C. 4123.519.
Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. [4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.
Id. at paragraph two of the syllabus. However, the filing of a complaint cannot substitute for the filing of a separate notice of appeal. Gdovichin, supra, at 808.
 {¶ 12} Upon review, the trial court properly granted judgment in favor of appellee. Appellant filed a complaint instead of a timely filed notice of appeal as required by R.C. 4123.512(A). If a notice of appeal, rather than a complaint, had been timely filed, appellant would have substantially complied with R.C.4123.512.
 {¶ 13} Therefore, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.