[Cite as *Blumensaadt v. Ohio Indus. Comm.*, 2012-Ohio-4796.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VIRGINIA BLUMENSAADT

    Appellant

    v.

OHIO INDUSTRIAL COMMISSION

    Appellee

C.A. No.     26126

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2011-04-1896

DECISION AND JOURNAL ENTRY

Dated: October 17, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Virginia Blumensaadt, appeals from the judgment of the Summit County Court of Common Pleas dismissing her case for a failure to prosecute. This Court reverses and remands to have the case transferred to Ottawa County.

I

{¶2} From 1976 through 1988, Blumensaadt was employed at Standard Products in Port Clinton, Ohio. Subsequently, Blumensaadt was diagnosed with leukemia.[1] Blumensaadt filed a claim for workers' compensation alleging she had developed leukemia because of the chemicals she worked with while at Standard Products. After a hearing, the Industrial Commission denied her claim on October 23, 2010. Blumensaadt filed two separate appeals to

---

[1] The date of her diagnosis is unclear from the record. The Industrial Commission reports list the date of diagnosis as August 16, 2005. Blumensaadt asserts she was diagnosed in 2003.

the Industrial Commission, which were denied on January 7, 2011, and February 2, 2011, respectively.

{¶3} Blumensaadt filed an appeal of the February 2, 2011 order in the Summit County Court of Common Pleas. Approximately four months later, the court of common pleas ordered Blumensaadt to file a praecipe, pursuant to R.C. 2506.02, within ten days or the court would dismiss the action. Blumensaadt filed a praecipe within the ten days, but failed to properly serve it. The court dismissed the action for failure to prosecute, and Blumensaadt now appeals.

II

{¶4} Blumensaadt does not clearly allege any error by the trial court. She does, however, request that this Court reverse the trial court's dismissal and remand the case for further proceedings.

{¶5} On February 2, 2011, the Industrial Commission denied Blumensaadt's appeal of its decision to disallow her claim of injury or occupational disease.

> Decisions on a claimant's right to participate in the Workers' Compensation fund are made within the framework of a statutory scheme which delineates the procedure for appeal from said decisions. There are no inherent or common law rights in either the claimant or the employer to appeal the merits of the Commission's final order to the common pleas courts. The right to appeal to the court is purely statutory.

*Brunson v. Chromalloy Am. Corp.*, 9th Dist. No. 3463, 1983 WL 4125, *1 (June 8, 1983), citing *Jenkins v. Keller*, 6 Ohio St.2d 122 (1966).

{¶6} R.C. 4123.512(A) provides, in part, that "[i]f the claim is for an occupational disease, the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred." However, "[i]f an action has been commenced in a court of a county other than a court of a county having jurisdiction over the action, the court, upon notice

by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction." *Id.*

**{¶7}** Blumensaadt's letter, filed with the court of common pleas on April 6, 2011, specified that she was appealing the Industrial Commission's decision to disallow her claim of "an Occupational Disease, obtained during [her] employment at Standard Products Port Clinton Division 1976 thru 1988 Port Clinton, Ohio."

**{¶8}** Port Clinton is located in Ottawa County, Ohio. Therefore, pursuant to R.C. 4123.512(A), the Summit County Court of Common Pleas did not have jurisdiction to hear the appeal. *See Spencer v. FHI, L.L.C.*, 2d Dist. No. 09-CA-44, 2010-Ohio-5288, ¶ 14. Because the Summit County Court of Common Pleas did not have jurisdiction over the case, we reverse its order dismissing the action and remand for the court to transfer the case to Ottawa County, Ohio.

III

**{¶9}** The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded to be transferred to Ottawa County.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

VIRGINIA BLUMENSAADT, pro se, Appellant.

STEVEN K. ARONOFF, Assistant Attorney General, for Appellee.