[Cite as *Helton v. Admr., Bur. of Workers' Comp.*, 2015-Ohio-3570.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Randy G. Helton,                                        :

      Appellant-Appellant,                         :

v.                                                             :                    No. 14AP-935
                                                                                  (C.P.C. No. 14CV-6695)
Administrator, Bureau of                         :
Workers' Compensation et al.,                                       (REGULAR CALENDAR)
                                                               :

      Appellees-Appellees.                         :

---

D E C I S I O N

Rendered on September 1, 2015

---

*Butler, Cincione & DiCuccio, Alphonse P. Cincione,* and *Chenee M. Castruita,* for appellant.

*Michael DeWine,* Attorney General, and *Natalie J. Tackett,* for appellee Administrator, Bureau of Workers' Compensation.

*Dinsmore & Shohl, LLP, Brett Miller,* and *Christen S. Hignett,* for appellee Double Z Construction Company.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appellant, Randy G. Helton, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss for lack of subject-matter jurisdiction filed by appellee-appellee, Double Z Construction Company ("Double Z Construction"). For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} In July 2013, Helton filed an application for workers' compensation benefits with the Ohio Bureau of Workers' Compensation ("BWC"). Helton alleged he sustained

an injury on May 23, 2013 while working for Double Z Construction.  On July 26, 2013, the BWC issued an order disallowing the claim.  Helton appealed, and a district hearing officer of the Industrial Commission affirmed the decision of the BWC and disallowed the claim.  Helton appealed, and a staff hearing officer affirmed the decision to disallow the claim.  Helton again appealed and the Industrial Commission issued an order on May 1, 2014, refusing to hear the appeal.

{¶ 3}   After the Industrial Commission refused to hear the appeal, Helton filed a document titled "Complaint" in the Franklin County Court of Common Pleas on June 26, 2014.  The Complaint named the Administrator of the BWC and Double Z Construction as defendants.  In July 2014, Double Z Construction filed a motion to dismiss for lack of subject-matter jurisdiction, arguing Helton failed to meet the requirements of R.C. 4123.512 to invoke the jurisdiction of the trial court.  In October 2014, the trial court granted Double Z Construction's motion to dismiss and accordingly dismissed the matter.  Helton timely filed an appeal.

## II.  Assignment of Error

{¶ 4}   Helton assigns the following error for our review:

> The trial court erred to the prejudice of plaintiff in granting defendant Double Z Construction Company's motion to dismiss for lack of subject matter jurisdiction, by ruling that a complaint which substantially complies with the substantive jurisdictional requirements of Ohio Revised Code § 4123.512 is not sufficient for subject matter jurisdiction.

## III.  Discussion

{¶ 5}   In his sole assignment of error, Helton argues the trial court erroneously concluded that he did not comply with the jurisdictional requirements of R.C. 4123.512.  Helton argues a document need not be formally titled "notice of appeal" for it to invoke the jurisdiction of the trial court under R.C. 4123.512, and the document he filed substantially complied with the notice of appeal requirement of that statute.  Because the document filed by Helton was not a notice of appeal, we find the trial court properly dismissed the matter for lack of jurisdiction.

{¶ 6}   Once administrative proceedings before the BWC and then the Industrial Commission are completed, R.C. Chapter 4123 provides the exclusive manner by which a

common pleas court gains jurisdiction over a workers' compensation appeal. *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, ¶ 9, citing *Jenkins v. Keller*, 6 Ohio St.2d 122 (1966), paragraph four of the syllabus; *see Harsco Corp. v. Bishop*, 12th Dist. No. CA2000-12-052 (Oct. 1, 2001), citing *Afrates v. Lorain*, 63 Ohio St.3d 22, 26 (1992) (the "procedural mechanism of R.C. 4123.512 provides the exclusive means for appealing a final decision of the Industrial Commission involving a claimant's right to participate in the workers' compensation fund.").   Thus, after receipt of an Industrial Commission order involving a claimant's right to participate,[1] the employer or the claimant who wishes to appeal must follow the specific requirements set forth in R.C. 4123.512.

{¶ 7}   R.C. 4123.512 states in pertinent part as follows:

> (A)  The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted[.] * * * The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code.   The filing of the notice of the appeal with the court is the only act required to perfect the appeal.

> * * *

> (B) The notice of appeal shall state the names of the administrator of workers' compensation[2], the claimant, and the employer; the number of the claim; the date of the order appealed from; and the fact that the appellant appeals therefrom.

> The administrator, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the

---

[1] "A final decision of the Industrial Commission which does not go to the basis of a claimant's right to participate, 'may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment.' " *Harsco Corp. v. Bishop*, 12th Dist. No. CA2000-12-052 (Oct. 1, 2001), quoting *Afrates v. Lorain*, 63 Ohio St.3d 22, 27 (1992).

[2] The requirement that the notice of appeal state the name of the administrator of workers' compensation was added by 2014 Sub. H.B. No. 493.

commission, shall make the commission a party. The party filing the appeal shall serve a copy of the notice of appeal on the administrator at the central office of the bureau of workers' compensation in Columbus. The administrator shall notify the employer that if the employer fails to become an active party to the appeal, then the administrator may act on behalf of the employer and the results of the appeal could have an adverse effect upon the employer's premium rates.

* * *

(D)  Upon receipt of notice of appeal, the clerk of courts shall provide notice to all parties who are appellees and to the commission.

The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.  Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section.  The clerk of the court shall, upon receipt thereof, transmit by certified mail a copy thereof to each party named in the notice of appeal other than the claimant.

{¶ 8}   Unlike a typical civil action, "[i]n a workers' compensation action, the filing of the complaint does not commence the action and confer jurisdiction." *McKinney v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 04AP-1086, 2005-Ohio-2330, ¶ 4.[3] Pursuant to R.C. 4123.512, the only act required to perfect an appeal is the timely filing of the notice of appeal. *Spencer* at ¶ 8; R.C. 4123.512(A).  Thus, while a complaint typically is the document that initiates an action in a court, under R.C. 4123.512, the notice of appeal is the document that confers jurisdiction upon the trial court.  Here, the issue is whether Helton filed a "notice of appeal," invoking the trial court's jurisdiction.  Helton

---

[3] R.C. 4123.512 uses the term "petition."  However, for "purposes of the Civil Rules, the pleading that R.C. 4123.512 names a petition is a complaint." *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 364, (1998), *superseded by statute on other grounds*.

argues the complaint he filed in the trial court meets the notice of appeal requirements of R.C. 4123.512. We disagree.

{¶ 9}   The first paragraph of R.C. 4123.512(B) sets forth the required contents of a notice of appeal filed pursuant to that statute. It requires the notice of appeal to state the names of the administrator of workers' compensation, the claimant, and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom. These requirements align with the idea that a notice of appeal provides notice to other parties that the filing party is appealing from a particular judgment or order. Further, these jurisdictional requirements are satisfied by filing a timely notice of appeal that is in substantial compliance with the statutory requirements. *Fisher v. Mayfield*, 30 Ohio St.3d 8 (1987), paragraph one of the syllabus; *Brown v. Liebert Corp.*, 10th Dist. No. 03AP-437, 2004-Ohio-841, ¶ 11.

{¶ 10} According to Helton, his Complaint satisfies the notice of appeal requirement because it contains the information required under R.C. 4123.512(B). While the document filed by Helton provides some of the information required under R.C. 4123.512, the document does not state Helton's intent to appeal from a particular Industrial Commission order, a fundamental element of a notice of appeal. Further, Helton's argument erroneously assumes that one document may constitute the notice of appeal and the petition. The plain language of R.C. 4123.512 conflicts with this assumption.

{¶ 11} R.C. 4123.512 requires the filing of two documents, the notice of appeal and the petition. After the filing of the notice of appeal by either the employer or the claimant, the "claimant shall * * * file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund." R.C. 4123.512(D). Thus, the plain language of R.C. 4123.512 indicates a "notice of appeal" and a "petition" are separately filed documents. *See Karnofel v. Cafaro Mgt. Co.*, 11th Dist. No. 97-T-0072 (June 26, 1998) ("The plain language of [R.C. 4123.512] dictates that two separate filings are required."). Consequently, a document must be characterized as either a notice of appeal or a petition under R.C. 4123.512. *Id.* "It cannot be both." *Id.*; *see Brown* at ¶ 11, citing *Gdovichin v. Geauga Cty. Hwy. Dept.*, 90 Ohio App.3d 805 (11th Dist.1993) ("the filing of a complaint cannot substitute for the filing of a

separate notice of appeal"); *Beaumont v. Kvaerner N. Am. Constr.*, 11th Dist. No. 2013-T-0047, 2013-Ohio-5847, ¶ 34, citing *Gdovichin*.

{¶ 12} Here, the document filed by Helton was a petition.  R.C. 4123.512(D) requires the claimant's petition to contain a "statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."  The document filed by Helton contains the required features of a petition under R.C. 4123.512 and other information ordinarily found in a civil complaint.  The document filed by Helton is titled "Complaint"; it identifies the parties involved, provides a brief factual background, sets forth the basis for the jurisdiction of the court over the action, claims his right to participate in the workers' compensation fund, and prays for appropriate relief.  Therefore, we conclude the document filed by Helton is a prematurely filed petition under R.C. 4123.512, not a notice of appeal vesting the trial court with jurisdiction.

{¶ 13} Because Helton only filed a petition, and not a notice of appeal from the Industrial Commission's order disallowing his workers' compensation claim, the trial court was without subject-matter jurisdiction.  *See Brown*.  Therefore, the trial court properly granted Double Z Construction's motion and dismissed the matter.  Accordingly, we overrule Helton's sole assignment of error.

## IV. Disposition

{¶ 14} Having overruled Helton's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.