MILENKOVICH, CLAIMANT-EMPLOYEE, *v.* DRUMMOND, D. B. A.
GARDEN GRILL RESTAURANT, APPELLANT-EMPLOYER.

Common Pleas Court, Summit County.

No. 229111.   Decided December 12, 1961.

*Messrs. Barrett & Quillin,* by *Mr. John R. Barrett,* for the claimant-employee.
*Messrs. Brennan & Mills,* by *Mr. David L. Brennan,* for the appellant-employer.

COLOPY, J.   The motion of the Claimant-Employee, Margaret Segul Milenkovich, for an order dismissing the Notice of Appeal filed in this court by the Appellant-Employer, Dorothy Bambour Drummond, d. b. a. Garden Grille Restaurant, raises this question: Is it a jurisdictional requirement under the provisions of Section 4123.519, Revised Code, as amended November 2, 1959, that the Notice of Appeal state the name of the Administrator of the Bureau of Workmen's Compensation?

The Notice of Appeal under consideration makes no mention of the name of the Administrator of the Bureau of Workmen's Compensation.   It does state, (1) Claimant's name, (2) the employer's name, (3) the claim number, (4) the date of the decision appealed from, and (5) the fact that the Appellant appeals from such decision.   A verbatim statement of the

order of the Industrial Commission from which the appeal is made is set forth.

The third paragraph of the aforesaid section reads, "The Administrator of the Bureau of Workmen's Compensation, the Claimant and the Employer shall be parties to such appeal and the Commission shall be made a party if it makes application therefor." The second paragraph of said section specifies what the Notice of Appeal shall contain. It reads, "Notice of Appeal shall state the names of the Claimant and the Employer, the number of the claim, the date of the decision appealed from and the fact that the Appellant appeals therefrom." In the sixth paragraph of this section it is provided that "The Claimant shall, within thirty days after the filing of the Notice of Appeal file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues." This latter paragraph also reads: "Further pleadings shall be had in accordance with the rules of civil procedure, provided, however that service of summons on such petition shall not be required."

The statute makes the Administrator a necessary party "to such appeal." It states clearly what the Notice of Appeal shall contain. Naming the Administrator as one of the parties is not one of the things that must be included in such appeal notice in order that the court obtain jurisdiction. Undoubtedly he must be made a party "to the appeal." The appeal in this connection is distinct from the "Notice of Appeal." The point is that the statute directs that jurisdiction of the court shall attach without the Notice of Appeal including the Administrator's name. He can be and must be made a party in the proceedings that follow. Should the Administrator not be made a party to the appeal proceedings, a motion then to dismiss would undoubtedly be justified.

In Workmen's Compensation cases the jurisdiction of the Court of Common Pleas is not based on general statutes, but rather on the special statutes governing the administration of that law. *Starr* v. *Young,* 172 Ohio St., 317; *Parker* v. *Young, Adm.,* 172 Ohio St., 465. The *Hovanec case,* 78 Ohio Law Abs., 376, has been overruled, it is submitted by the last sentence in the first paragraph of said section, vis., "Such filings shall

be the only act required to perfect the appeal and vest jurisdiction in the court.''

Counsel for Appellant-Employer shall furnish an appropriate journal entry overruling said motion.