SPENCER, APPELLEE, *v.* FREIGHT HANDLERS, INC.;

BUEHRER, ADMR., APPELLANT.

[Cite as *Spencer v. Freight Handlers, Inc.*,

131 Ohio St.3d 316, 2012-Ohio-880.]

*The R.C. 4123.512 requirements that a party appealing from an Industrial Commission order name the administrator of the Bureau of Workers' Compensation as a party to the appeal and serve the administrator with the notice of appeal are not jurisdictional requirements.*

(No. 2010-2138—Submitted October 18, 2011—Decided March 8, 2012.)

APPEAL from the Court of Appeals for Miami County, No. 09-CA-44,

2010-Ohio-5288.

_____

SYLLABUS OF THE COURT

The R.C. 4123.512 requirements that a party appealing from an Industrial Commission order name the administrator of the Bureau of Workers' Compensation as a party to the appeal and serve the administrator with the notice of appeal are not jurisdictional requirements.

_____

LANZINGER, J.

{¶ 1} This case addresses the requirements for vesting jurisdiction in the common pleas court pursuant to R.C. 4123.512, the workers' compensation statute that permits a claimant or an employer to appeal from an Industrial Commission order affecting the right to participate in the workers' compensation fund. The issue is whether the administrator of the Bureau of Workers' Compensation must be named as a party and served with the notice of appeal to vest the court with subject-matter jurisdiction. We hold that the R.C. 4123.512 requirements that a party appealing from an Industrial Commission order name

the administrator of the Bureau of Workers' Compensation as a party to the appeal and serve the administrator with the notice of appeal are not jurisdictional requirements.

I. Case Background

{¶ 2} James Spencer, the appellee, filed a workers' compensation claim against his employer, Freight Handlers, Inc. ("FHI"), for a shoulder injury he allegedly suffered while lifting at his job in Miami County. His claim was denied by the Industrial Commission in an order dated June 4, 2009.

{¶ 3} On August 7, 2009, Spencer filed a notice of appeal in the Darke County Court of Common Pleas under R.C. 4123.512, naming FHI as the sole appellee and claiming the right to participate in the workers' compensation fund. The notice of appeal did not name as an appellee the administrator of the Bureau of Workers' Compensation, and Spencer did not serve a copy of the notice of appeal on the administrator "at the central office of the Bureau of Workers' Compensation in Columbus" as required by R.C. 4123.512(B). He filed the petition required by R.C. 4123.512(D) on September 3, 2009, but again failed to serve a copy of the petition on the administrator.

{¶ 4} FHI filed a motion to dismiss based upon both the common pleas court's lack of subject-matter jurisdiction and the failure to join a necessary party because the administrator was not named as a party or served with a copy of the notice of appeal as required by R.C. 4123.512(B). In the alternative, FHI sought to transfer the case to the Miami County Court of Common Pleas because Spencer's injury occurred in Miami County. R.C. 4123.512(A) allows either a claimant or an employer to appeal an order of the Industrial Commission other than a decision as to the extent of disability "to the court of common pleas of the county in which the injury was inflicted."

{¶ 5} Spencer responded by filing a motion for leave to amend his petition on September 24, 2009. He attached a revised petition, this time naming

the administrator as a party, and he served the administrator with a copy of the amended petition. The following month, the Darke County Court of Common Pleas transferred the case to the Miami County Court of Common Pleas.

{¶ 6} The administrator filed an answer to Spencer's amended petition in Miami County. Two days later, the Miami County Court of Common Pleas granted FHI's motion to dismiss for lack of subject-matter jurisdiction, concluding that "omitting the Administrator as a party and failing to serve the Administrator with the notice of appeal does not substantially comply" with the requirements of R.C. 4123.512(B). The court also denied Spencer's motion to amend his petition because the defective notice of appeal meant that jurisdiction had never vested in the trial court, so the "defect could not be corrected by the amendment of the pleadings."

{¶ 7} The court of appeals reversed the judgment of the common pleas court, holding that "failure to name the Administrator in the notice of appeal or to serve the Administrator with the notice of appeal does not deprive a court of common pleas of subject matter jurisdiction to hear an R.C. 4123.512 appeal." *Spencer v. Freight Handlers, Inc.,* 2d Dist. No. 09-CA-44, 2010-Ohio-5288, 2010 WL 4312798, ¶ 22. FHI and the administrator moved to certify a conflict, which the court of appeals denied. We accepted for review the following proposition of law: "R.C. 4123.512(B)'s requirements that the Administrator be a party to the appeal and be served with a notice of appeal are jurisdictional, and noncompliance with these requirements cannot be cured later."

{¶ 8} We hold that because R.C. 4123.512(B) does not require that the administrator be named in the notice of appeal itself and because filing the notice is "the only act required to perfect the appeal" pursuant to R.C. 4123.512(A), naming and sending notice to the administrator are not requirements to vest the court of common pleas with subject-matter jurisdiction under R.C. 4123.512. We therefore affirm the judgment of the court of appeals.

## II. Analysis

*A. Statutory Procedure*

{¶ 9} Workers' compensation cases follow a specific statutory procedure. A claimant who seeks workers' compensation benefits must first file a claim with the Bureau of Workers' Compensation, and the administrator of the bureau makes an initial determination whether to grant or deny the claim. R.C. 4123.511(B). That order is then reviewable through a number of administrative proceedings before the Industrial Commission, which enters a final order. Once these administrative proceedings are completed, R.C. Chapter 4123 provides the exclusive manner by which a common pleas court gains jurisdiction over a workers' compensation appeal. *Jenkins v. Keller*, 6 Ohio St.2d 122, 216 N.E.2d 379 (1966), paragraph four of the syllabus. The employer or the claimant who wishes to appeal must file a notice of appeal within 60 days after receipt of the Industrial Commission's order. R.C. 4123.512(A). "The filing of the notice of the appeal with the court is the only act required to perfect the appeal." *Id.* The statute then sets forth, in the first paragraph of R.C. 4123.512(B) (which consists of one sentence), what a valid notice of appeal must contain: "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." The next paragraph of subsection (B) states:

> The administrator of workers' compensation, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party. The party filing the appeal shall serve a copy of the notice of appeal on the administrator at the central office of the bureau of workers' compensation in Columbus.

*B. Issues Raised*

{¶ 10} The amici in this case[1] assert that the first paragraph of R.C. 4123.512(B) lists the jurisdictional items: (1) the claimant's name, (2) the employer's name, (3) the claim number, (4) the date of the order appealed from, (5) and the fact that the appellant is appealing that order. They contend that the second paragraph, which states that the administrator must be a party to the appeal and that the party filing the appeal must serve a copy of the notice of appeal on the administrator, is not a paragraph addressing jurisdiction.

{¶ 11} The appellant, the administrator, argues that both subsection (A) and subsection (B) of R.C. 4123.512 are jurisdictional because those subsections contain the statutory requirements that must be fulfilled before one may appeal an order of the Industrial Commission. He maintains that while subsection (A) sets forth the act required to vest jurisdiction—the act of filing the appeal, the first sentence of subsection (B) relates to the matter being appealed, and paragraph two of subsection (B) relates to the naming and notice requirements of the notice of appeal. According to the administrator, a notice of appeal that omits any of the subsection (A) or (B) requirements is statutorily defective and thereby deprives the court of jurisdiction.

{¶ 12} The amici's position is more persuasive. In interpreting substantially similar prior versions of the present-day R.C. 4123.512, formerly numbered R.C. 4123.519, we held that the notice-of-appeal requirements (inclusion of the names of the claimant and the employer, the claim number, the date of the order being appealed from, and the fact that the appellant is appealing from the order) are jurisdictional requirements "and must be strictly complied with." *Starr v. Young*, 172 Ohio St. 317, 318, 175 N.E.2d 514 (1961). In *Starr*,

---

1. The amici in the case are the Ohio Association of Claimants' Counsel and the Ohio Association for Justice, who jointly filed a brief urging this court to affirm the court of appeals' judgment. The appellee himself did not file a brief.

the claim was dismissed for lack of jurisdiction due to the appellant's failure to include the claim number and designate which of the defendants was the employer. Fifteen years later, we again applied a strict-compliance standard and dismissed a claim for lack of jurisdiction because the appellant had named the wrong order being appealed from. *Cadle v. Gen. Motors Corp.*, 45 Ohio St.2d 28, 340 N.E.2d 403 (1976).

{¶ 13} We then retreated from the harsh results of the strict-compliance rule in two cases: *Mullins v. Whiteway Mfg. Co.*, 15 Ohio St.3d 18, 471 N.E.2d 1383 (1984) (listing the date of the order being appealed from in the notice of appeal is not a jurisdictional requirement) and *Wells v. Chrysler Corp.*, 15 Ohio St.3d 21, 22, 472 N.E.2d 331 (1984) (fact that the notice of appeal "did not contain the name of the appellee-employer in its text and appellee was never designated as the employer" did not defeat jurisdiction). Later, we overruled *Cadle* in its entirety and held that the notice-of-appeal requirements of R.C. 4123.519 (now R.C. 4123.512) require substantial rather than strict compliance. *Fisher v. Mayfield*, 30 Ohio St.3d 8, 505 N.E.2d 975 (1987), paragraph one of the syllabus.

{¶ 14} In *Fisher*, we stated that we were guided by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits and that to be in substantial compliance, the notice must "include[] sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." *Id*. at 11.

{¶ 15} The appellant in *Fisher* had designated the incorrect order from which an appeal was being taken, and we invoked the substantial-compliance rule to allow the case to continue on its merits. The appellant in *Fisher* had, in fact, substantially complied with the contents requirements for the notice of appeal. Here, we have complete compliance. Spencer's notice of appeal included the

names of the claimant and employer, the claim number, the date of the order being appealed from, and the fact that he is appealing from the order—all that the statute requires.

*C. Interpretation of R.C. 4123.512*

{¶ 16} In interpreting a statute, we rely on general principles of statutory construction. *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). The starting point is the statute's text ("[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14). Furthermore, to determine the legislative intent behind a statute, we must read the language in context and we must construe related sections together. *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, 863 N.E.2d 124, at ¶ 29; *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, at ¶ 12. The second paragraph of R.C. 4123.512(B) provides a variety of instructions that are directed at multiple parties:

> The administrator of workers' compensation, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party. The party filing the appeal shall serve a copy of the notice of appeal on the administrator at the central office of the bureau of workers' compensation in Columbus. The administrator shall notify the employer that if the employer fails to become an active party to the appeal, then the administrator may act on behalf of the employer and the results of the appeal could have an adverse effect upon the employer's premium rates.

{¶ 17} The second paragraph of subsection (B), when read in context, is not a continuation of the first paragraph, dictating additional items that must be included in a notice of appeal. Instead, the second paragraph lists a number of things that are required in addition to or subsequent to a notice of appeal. Because the statute's jurisdictional requirements are explicitly limited to filing a notice of appeal, the additional requirements in the second paragraph of subsection (B) are not jurisdictional.

{¶ 18} This interpretation of the statute is consistent with the majority of Ohio's case law on the issue. *See, e.g., Milenkovich v. Drummond*, 88 Ohio Law Abs. 103, 181 N.E.2d 814 (C.P.1961) (although the administrator must be made a party, failure to name the administrator in the notice of appeal is not a jurisdictional error, interpreting R.C. 4123.519, which was recodified as R.C. 4123.512 in 1993); *Goricki v. Gen. Motors Corp.*, 11th Dist. No. 3527, 1985 WL 4944 (Dec. 31, 1985) (the failure to name the administrator is not a jurisdictional error); *Jarmon v. Ford Motor Co.*, 10th Dist. No. 95APE10-1377, 1996 WL 221523 (Apr. 30, 1996) (the requirement that the administrator be a party is separate from the requirements for a valid notice of appeal); *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. No. 97-T-0072, 1998 WL 553491 (June 26, 1998) (naming the administrator is not a jurisdictional requirement). *Compare Day v. Noah's Ark Learning Ctr.*, 5th Dist. No. 01-CVE-12-068, 2002-Ohio-4245, 2002 WL 1902875 (appellant's outright failure to file a notice of appeal deprived the court of jurisdiction); *Olaru v. FedEx Custom Critical, Inc.,* 6th Dist. No. L-03-1143, 2003-Ohio-6376, 2003 WL 22829247 (summarily adopting decision of the trial court, which erroneously relied on *Day*).

*D. Other Statutes*

{¶ 19} We have recognized that naming proper parties and fulfilling service requirements are jurisdictional requirements in cases that involve statutes

that clearly require such for jurisdiction. For example, failure to name as a party and serve the tax commissioner when appealing from a Board of Tax Appeals decision under R.C. 5717.03(B) is a jurisdictional flaw. *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178. And failure to serve the attorney general when filing a declaratory-judgment action under R.C. 2721.12 "is a jurisdictional defect." *Asbury Apts. v. Dayton Bd. of Zoning Appeals*, 77 Ohio St.3d 1229, 673 N.E.2d 1379 (1997). But the statutes reviewed in those cases are different from the statute at issue in this case,[2] and spell out the need for naming and service of parties for jurisdictional purposes.

---

2.  R.C. 5717.03(B) states:

> In case of an appeal from a decision of a county board of revision, the board of tax appeals shall determine the taxable value of the property whose valuation or assessment by the county board of revision is complained of, or in the event the complaint and appeal is against a discriminatory valuation, shall determine a valuation which shall correct such discrimination, and shall determine the liability of the property for taxation, if that question is in issue, and *the board of tax appeals' decision and the date when it was filed with the secretary for journalization shall be sent by the board to all persons* who were parties to the appeal before the board, to the person in whose name the property is listed, or sought to be listed, if such person is not a party to the appeal, to the county auditor of the county in which the property involved in the appeal is located, *and to the tax commissioner.*

(Emphasis added.) R.C. 2721.12(A) states:

> Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, *the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard.* In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.

(Emphasis added.)

**{¶ 20}** R.C. 4123.512(B) requires that certain facts be pled in the notice of appeal. "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." This sentence does not say "names of the claimant and the employer *and the administrator*." The General Assembly could have easily added the administrator as a party to be named in the notice of appeal, but it did not do so.

**{¶ 21}** The only jurisdictional requirement for a workers' compensation appeal is to file with the court a notice of appeal that states the names of the claimant and employer, the claim number, the date of the order being appealed from, and the fact that the appellant is appealing from the order. Naming and sending notice to the administrator are simply not on this list. Failing to name and notify the administrator would subject an appellant's appeal to dismissal, pursuant to Civ.R. 19, for failure to name an indispensable party. But naming and sending notice to the administrator are simply not jurisdictional requirements. The Rules of Civil Procedure allow complaints to be amended to add necessary parties. Civ.R. 21.

**{¶ 22}** The inclusion of the administrator as a party is one of many nonjurisdictional requirements for a workers' compensation appeal to proceed. For example, a claimant is also required to file a petition describing the underlying facts and demonstrating a cause of action within 30 days of filing the notice of appeal. R.C. 4123.512(D). Although an appellant's failure to comply with R.C. 4123.512(D) could lead to dismissal of the appeal, that does not make the requirement jurisdictional. *Singer Sewing Machine Co. v. Puckett*, 176 Ohio St. 32, 36-37, 197 N.E.2d 353 (1964).

**{¶ 23}** But in now holding that under the current statutory scheme the administrator need not be included in the notice of appeal to invoke the subject-matter jurisdiction of the court, we emphasize the ambiguity in R.C. 4123.512 that

10

has been raised by the positions advanced by both appellant and amici curiae. We therefore urge the General Assembly to clarify the jurisdictional requirements for initiating a workers' compensation appeal.

### III. Conclusion

**{¶ 24}** Because Spencer's notice of appeal included the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that he was appealing from the order, Spencer invoked the court's jurisdiction. Although he had not named the administrator as a party in the notice of appeal, Spencer cured his error by amending the complaint on September 24, 2009, to name the administrator as a party and then notifying him by serving him with a copy of the amended complaint. By complying with the provisions of R.C. 4123.512(B) regarding the contents of the notice of appeal, Spencer had perfected his appeal, vesting the common pleas court with jurisdiction to rule on his motion to amend. We therefore affirm the judgment of the court of appeals and remand the case to the Miami County Court of Common Pleas for further proceedings.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents.

_____

**CUPP, J., concurring.**

**{¶ 25}** Because I conclude that the interpretation that the court makes today of the admittedly unclear statutory section is the one that best comports with the statute's text, I join in the opinion and judgment.

**{¶ 26}** The statute, however, if not amended by the General Assembly, creates a potential pitfall for all three of the indispensable parties to a workers'

compensation appeal: the claimant, the employer, and the administrator of the Bureau of Workers' Compensation.

**{¶ 27}** The administrator lays out these pitfalls for the employer and the Bureau of Workers' Compensation fairly clearly in his brief:

> The Administrator needs notice of all R.C. 4123.512 appeals at the outset, as required by R.C. 4123.512(B), because litigation—even at an early stage—can proceed in numerous ways that are unfavorable to the Administrator and the state fund. For example, if the Administrator lacks notice that an employer is appealing the commission's approval of a workers' compensation claim, the employer could—without the Administrator's opposition—prevail in a motion to dismiss or motion on the pleadings, overturn the commission's decision, and apply for a premium rate adjustment. Alternatively, if a claimant appeals the commission's denial of a claim without giving notice to the Administrator and prevails on a motion for summary judgment, the workers' compensation fund would be liable for the costs of the claim, *even though the Administrator had no opportunity to oppose the motion*.
>
> Even more troublesome, if appeals can proceed without notice to the Administrator, then an employer and claimant could settle without the Administrator's participation, causing additional difficulties related to fund administration. See, e.g., *State ex rel. Dillard Dep't Stores v. Ryan*, 122 Ohio St.3d 241, 2009-Ohio-2683 [910 N.E.2d 438] (employer unable to obtain reimbursement after settling with claimant when the parties failed to notify the bureau of the settlement). In all these situations, the Administrator, lacking

notice, is unable to protect fully the resources that all parties want to access and that the Administrator is charged with protecting: the state fund and the surplus fund.

(Emphasis sic.)

{¶ 28} A claimant, however, also has reason to be concerned about the validity of any judgment on appeal in which there was a failure to join and serve notice of the appeal on the administrator, a statutorily indispensable party: a potentially void or voidable judgment or settlement. The administrator is likely to have a strong argument that any award or settlement made in a proceeding that did not join the administrator was made without statutory authorization and is void.

O'CONNOR, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.

_____

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Elisabeth A. Long, Deputy Solicitor, and Elise Porter and Colleen C. Erdman, Assistant Attorneys General, for appellant.

Philip J. Fulton Law Office, Philip J. Fulton, and Ross R. Fulton, urging affirmance on behalf of amici curiae, Ohio Association of Claimants' Counsel and Ohio Association for Justice.

_____