[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pryor v. Dir., Ohio Dept. of Job & Family Servs.,* Slip Opinion No. 2016-Ohio-2907.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2907

PRYOR, APPELLEE, *v.* DIR., OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pryor v. Dir., Ohio Dept. of Job & Family Servs.,* Slip Opinion No. 2016-Ohio-2907.]

*R.C. 4141.282 does not require parties appealing from decisions of the Unemployment Compensation Review Commission to name all interested parties as appellees in the notice of appeal before the court of common pleas can exercise jurisdiction—To satisfy R.C. 4141.282(D) and trigger the appeal period, an order by the Unemployment Compensation Review Commission must not merely list interested parties but must expressly identify them as interested parties.*

(Nos. 2015-0767 and 2015-0770—Submitted January 27, 2016—Decided May 11, 2016.)

APPEAL from and CERTIFIED by the Court of Appeals for Summit County, No. 27225, 2015-Ohio-1255.

_____

**FRENCH, J.**

{¶ 1} In this consolidated certified conflict and discretionary appeal by appellant, the director of the Ohio Department of Job and Family Services ("ODJFS"), we address whether R.C. 4141.282 requires parties appealing from decisions of the Unemployment Compensation Review Commission to name all interested parties as appellees in the notice of appeal before the court of common pleas can exercise jurisdiction. We agree with the Ninth District Court of Appeals that R.C. 4141.282 does not require appellee, Marcus Pryor, to name all interested parties in order to perfect his appeal. We hold that R.C. 4141.282 imposes only one jurisdictional requirement for perfecting an appeal from a commission decision: "The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court." R.C. 4141.282(C).

{¶ 2} We also conclude that the commission's practice of listing the names and addresses of parties who were sent a copy of its final decision without identifying whether those parties are "interested parties" fails to comply with R.C. 4141.282(D). R.C. 4141.282(D) states that "[t]he commission shall provide on its final decision the names and addresses of all interested parties." The commission's July 24, 2013 decision listed the names and addresses of Pryor, the ODJFS director, and the United States Department of the Army, Pryor's former employer. The decision, however, failed to identify any party other than the director as an interested party who must be named as an appellee. We therefore hold that the commission failed to comply with the procedural requirements of R.C. 4141.282(D), and accordingly, Pryor's time to appeal never started. *See Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, paragraph one of the syllabus (an agency must "strictly comply" with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the affected party before the appeal period can commence).

**{¶ 3}** While we agree with the Ninth District that the naming of interested parties is not a jurisdictional requirement under R.C. 4141.282, we nevertheless reverse the Ninth District's judgment to the extent that it reversed the common pleas court's dismissal of Pryor's appeal for lack of jurisdiction and reinstated Pryor's administrative appeal in the common pleas court. Because Pryor's time to appeal the commission's decision never began, the common pleas court's dismissal of the appeal was correct. We remand the cause to the commission to issue a decision that complies with R.C. 4141.282(D). Pryor may then refile a notice of appeal in the appropriate common pleas court in accordance with R.C. 4141.282.

## FACTS AND PROCEDURAL HISTORY

**{¶ 4}** In January 2011, Pryor enlisted with the Army for a four-year term as a combat medic. The Army honorably discharged Pryor in August 2012, before the completion of his full term of service, so that Pryor could enter an officer-training program. Pryor applied that same month to ODJFS for unemployment compensation.

**{¶ 5}** The ODJFS Office of Unemployment Compensation initially determined on September 10, 2012, that Pryor was eligible for benefits. After an appeal by the Army's Human Resources Command, however, the director of ODJFS issued a redetermination on April 18, 2013, reversing ODJFS's September 10, 2012 decision and ordering Pryor to return $10,800 in overpaid benefits.

**{¶ 6}** Pryor appealed to the Unemployment Compensation Review Commission, and the commission held a hearing on the matter in accordance with R.C. 4141.281. The Army did not participate in the hearing. A hearing officer affirmed the director's April 18, 2013 redetermination.

**{¶ 7}** On July 24, 2013, the commission issued a decision denying Pryor's request to review the hearing officer's findings. In a section entitled "Appeal Rights," the commission's decision informed Pryor that if he appealed from the commission's decision he "must name all interested parties as appellees in the

notice of appeal, including the Director of [ODJFS]." The same paragraph of the decision informed Pryor that he had 30 days from the mailing date of the decision to file an appeal in the court of common pleas of the county where he resides or was last employed, as set forth in R.C. 4141.282. The decision concluded with a notice that the decision was sent to Pryor, the Army, and the director of ODJFS and listed their addresses. The commission's decision did not indicate that any party other than ODFJS was an interested party who must be named in the appeal.

{¶ 8} On August 23, 2013, Pryor filed an appeal in the Summit County Common Pleas Court in accordance with R.C. 4141.282. While Pryor's notice of appeal named the director of ODJFS as the appellee, he did not name the Army as a party to his appeal. However, Pryor did file a separate document requesting the clerk of courts to serve his notice of appeal on the director of ODJFS and the Army. On December 31, 2013, the common pleas court granted the ODJFS director's motion to dismiss, finding that because Pryor failed to name the Army as an interested party, his notice of appeal did not comply with R.C. 4141.282(D) and the court did not have subject-matter jurisdiction.

{¶ 9} The Ninth District Court of Appeals reversed and concluded that Pryor's failure to name his former employer was not a jurisdictional defect. The court held that R.C. 4141.282(C) sets forth only two requirements to perfect an appeal: the appellant must timely file the notice of appeal, and the notice must identify the decision appealed from. The court also concluded that the provisions in R.C. 4141.282(D) and (E) pertaining to the naming of interested parties and service of the notice of appeal do not impose conditions precedent to the vesting of subject-matter jurisdiction in the common pleas court.

{¶ 10} The court certified that its judgment conflicted with the judgments in the following cases: *Dikong v. Ohio Supports, Inc.*, 1st Dist. Hamilton No. C-120057, 2013-Ohio-33; *Mattice v. Ohio Dept. of Job & Family Servs.*, 2d Dist. Montgomery No. 25718, 2013-Ohio-3941; *Rupert v. Ohio Dept. of Job & Family*

4

*Servs.*, 6th Dist. Lucas No. L-14-1139, 2015-Ohio-915; *Hinton v. Ohio Unemp. Rev. Comm.*, 7th Dist. Mahoning No. 14 MA 45, 2015-Ohio-1364; *Luton v. Ohio Unemp. Revision Comm.*, 8th Dist. Cuyahoga No. 97996, 2012-Ohio-3963; *Sydenstricker v. Donato's Pizzeria, L.L.C.*, 11th Dist. Lake No. 2009-L-149, 2010-Ohio-2953.

{¶ 11} In accordance with S.Ct.Prac.R. 8.03, we determined that a conflict exists on the following question: "When appealing an unemployment compensation decision to the trial court, are the requirements contained in R.C. 4141.282(D), which explains how to name the parties, mandatory requirements necessary to perfect the appeal and vest the trial court with jurisdiction?" 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 928. We also accepted the ODJFS director's discretionary appeal asserting that R.C. 4141.282(D)'s requirements are jurisdictional requirements, 143 Ohio St.3d 1416, 2015-Ohio-2911, 34 N.E.3d 930, and we consolidated the two cases, 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 928.

## ANALYSIS

### *Requirements for perfecting an appeal under R.C. 4141.282*

{¶ 12} When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes. *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. Compliance with the specific and mandatory requirements governing the filing of a notice of appeal "is essential to invoke jurisdiction of the Court of Common Pleas." *Id.* at paragraph two of the syllabus. Accordingly, we must determine here whether R.C. 4141.282, the statute conferring a right to appeal from decisions of the Unemployment Compensation Review Commission, requires an appellant to name all interested parties in the notice of appeal in order to invoke the jurisdiction of the common pleas court. We conclude that it does not.

{¶ 13} R.C. 4141.282(A) through (E) reads as follows:

(A) THIRTY-DAY DEADLINE FOR APPEAL

Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas.

(B) WHERE TO FILE THE APPEAL

An appellant shall file the appeal with the court of common pleas of the county where the appellant, if an employee, is a resident or was last employed or, if an employer, is a resident or has a principal place of business in this state. If an appellant is not a resident of or last employed in a county in this state or does not have a principal place of business in this state, then an appellant shall file the appeal with the court of common pleas of Franklin county.

(C) PERFECTING THE APPEAL

The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from.

(D) INTERESTED PARTIES

The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal.

(E) SERVICE OF THE NOTICE OF APPEAL

Upon filing the notice of appeal with the clerk of the court, the clerk shall serve a copy of the notice of appeal upon all appellees, including the director.

(Capitalization sic.)

{¶ 14} Our starting point here is the statute's text. R.C. 4141.282(C) addresses the procedure for perfecting the appeal and expressly states that "[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court." When a statute is plain and unambiguous on its face, we need not resort to the rules of statutory construction; we must assume that the General Assembly meant what it said. *See State ex rel. Wise v. Ryan*, 118 Ohio St.3d 68, 2008-Ohio-1740, 886 N.E.2d 193, ¶ 26. Here, the General Assembly has clearly stated in R.C. 4141.282(C) that the timely filing of the notice of appeal is the "only" jurisdictional requirement for perfecting an appeal. The word "only" means just that.

{¶ 15} The dissent interprets the word "shall" in R.C. 4141.282(D) as imposing the naming of all interested parties in the notice of appeal as an additional jurisdictional prerequisite. This reading, however, ignores the plain legislative statement of jurisdiction in division (C). The unequivocal language in the first sentence of R.C. 4141.282(C) precludes us from reading into the statute any additional jurisdictional requirements other than timely filing of the notice of appeal. *See Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980) (declining to "find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated"). Although R.C. 4141.282 imposes various procedural requirements—among other things, the naming of interested parties, venue, and service—not every requirement, even if mandatory, is jurisdictional in nature. *See Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 22 (failure to comply with party-naming requirement could lead to dismissal of a workers' compensation appeal, but "that does not make the requirement jurisdictional"). The question whether an appellant's failure to name all interested parties may justify subsequent dismissal

of an appeal under R.C. 4141.282 is not before us. Here, we need only determine whether that failure justifies dismissal for lack of jurisdiction.

{¶ 16} The director of ODJFS relies on *Spencer* to argue that the party-naming requirement in R.C. 4141.282(D) is jurisdictional because it governs the content of a notice of appeal. However, the director draws the wrong lesson from *Spencer*. The outcome in *Spencer* did not rest on application of a content-based test to determine which statutory requirements were jurisdictional. Rather, our inquiry focused on what the statute itself expressly stated as the sole requirement for perfecting an appeal.

{¶ 17} The key statutory provision in *Spencer* stated that " '[t]he filing of the notice of the appeal with the court is the only act required to perfect the appeal.' " *Spencer* at ¶ 9, quoting R.C. 4123.512(A). We therefore looked to the rest of the statute to see what "filing of the notice of the appeal" entailed: " 'The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom.' " *Id.* at ¶ 9, quoting R.C. 4123.512(B). Because R.C. 4123.512(A) expressly sets forth the "filing of the notice of the appeal" as the only jurisdictional requirement, we concluded that inclusion of the information required in the notice of appeal itself was the only condition precedent to vest jurisdiction. *Id.* at ¶ 15, 17. Any additional requirements, including naming the administrator of workers' compensation, the claimant, and the employer as parties to the appeal, addressed nonjurisdictional items imposed "in addition to or subsequent to a notice of appeal." *Id.* at ¶ 16-17, citing R.C. 4123.512(B). Our determination in *Spencer*, therefore, did not depend on whether the statute addressed the contents of a notice of appeal; our inquiry focused on the wording of R.C. 4123.512(A), which expressly stated that the "filing of the notice of the appeal" is the only requirement for perfecting an appeal.

{¶ 18} Unlike the more open-ended language examined in *Spencer*, R.C. 4141.282(C) states that "[t]he *timely* filing of the notice of appeal shall be the only act required to perfect the appeal *and vest jurisdiction in the court*." (Emphasis added.) The General Assembly has clearly stated that *timely* filing—and no other requirement related to the filing of a notice of appeal—is the only jurisdictional requirement under R.C. 4141.282. While we recognized in *Spencer* that the naming of certain parties may be a jurisdictional requirement "in cases that involve statutes that clearly require such for jurisdiction," *Spencer* at ¶ 19, this is not one of those cases.

{¶ 19} For these reasons, we conclude that timely filing of the notice of appeal is the *only* jurisdictional requirement for perfecting an appeal under R.C. 4141.282.

### Commission's failure to identify all interested parties

{¶ 20} We also conclude that the commission's decision did not meet the procedural requirements of R.C. 4141.282(D) because it did not identify the Army, Pryor's former employer, as an interested party. Pryor's 30-day period to appeal, therefore, never started.

{¶ 21} We have consistently held that an administrative agency must strictly comply with the procedural requirements governing the issuance of its decision before the appeal deadline begins to run. In *Proctor v. Giles*, 61 Ohio St.2d 211, 400 N.E.2d 393 (1980), we held that compliance by the Unemployment Compensation Board of Review with the procedural requirements of former R.C. 4141.28(O) was a necessary precondition to the running of the 30-day period to appeal. In *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 511 N.E.2d 112 (1987), we concluded that an agency must comply with the procedural requirements in R.C. 119.09 before the 15-day appeal period begins to run. *Id.* at 308-309, citing *Proctor*.

**{¶ 22}** More recently, in *Hughes*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, we held that an agency must "strictly comply" with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the affected party before the appeal period can commence. *Id*. at paragraph one of the syllabus, citing *Sun Refining*. In *Hughes*, the agency failed to serve a certified copy of its order upon the affected party, as required by R.C. 119.09. *Id*. at ¶ 13-15. The agency argued that the affected party was not prejudiced, because she did receive a copy of the order, but not a certified copy. *Id*. at ¶ 11. We rejected that argument and concluded that the agency failed to strictly comply with the procedural requirements of the statute. *Id*. at ¶ 12-15.

**{¶ 23}** Here, the commission's July 24, 2013 decision failed to indicate that the Army was an interested party that Pryor must name in his notice of appeal. R.C. 4141.282(D) states: "The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal." In a section entitled "Appeal Rights," the commission's decision informed Pryor that "[t]he appellant must name all interested parties as appellees in the notice of appeal, including the Director of [ODJFS]." The next paragraph informed Pryor that he had 30 days to appeal. The final paragraph stated, "This decision was sent to the following," followed by a list of the parties who received the commission's decision—Pryor, the Army, and the director of ODJFS—and their addresses. The last paragraph of the decision did not indicate that those individuals or entities were interested parties who must be named in the notice of appeal. It merely indicated that they were sent a copy of the commission's decision, much like the parties listed in a certificate of service. Common sense tells us that listing the parties who will receive a copy of the commission's decision—without expressly identifying them as interested parties—does nothing to advise a potential appellant and falls well

short of the mandate in R.C. 4141.282(D) that the decision provide the names and addresses of all interested parties.

{¶ 24} We conclude that the commission failed to comply with the procedural requirements in R.C. 4141.282(D), and therefore, Pryor's 30-day appeal period never started to run. Once the commission issues a decision that complies with R.C. 4141.282(D), Pryor may then refile a notice of appeal in the appropriate common pleas court in accordance with R.C. 4141.282.

## CONCLUSION

{¶ 25} For the reasons above, we reverse the judgment of the appeals court and remand to the commission to issue a decision that complies with R.C. 4141.282(D).

Judgment reversed

and cause remanded.

PFEIFER, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

O'CONNOR, C.J., dissents with an opinion.

O'DONNELL, J., dissents and would reverse the judgment of the Ninth District Court of Appeals and reinstate the judgment of the Summit County Common Pleas Court.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 26} The majority employs two different standards to interpret two adjacent, parallel sentences in the same statutory section. Because this approach is not supported by well-settled principles of statutory construction, I respectfully dissent.

{¶ 27} The majority properly starts with the statute's text but then veers off course in interpreting the following two sentences in R.C. 4141.282(D):

> The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal.

**{¶ 28}** The majority concludes that the first sentence above constitutes a procedural requirement with which the Unemployment Compensation Review Commission must strictly comply in order to start Marcus Pryor's 30-day appeal period. Leaving aside the fact that there is no language in R.C. 4141.282(D) regarding the initiation of an appeal period, the plain and ordinary meaning of the phrase "[t]he commission *shall* provide" (emphasis added) establishes the mandatory nature of the requirement. Here, the commission named all interested parties—Pryor, the United States Department of the Army, and Ohio Department of Job and Family Services ("ODJFS")—with their addresses in its final decision. Its sole deficiency, according to the majority, was not labeling each an "interested party."

**{¶ 29}** But the majority rejects both a plain-language reading and strict-compliance approach to interpret nearly identical language in the very next sentence of the statute when determining Pryor's obligations. The majority concludes that the phrase "[t]he appellant *shall* name all interested parties" (emphasis added) is not a mandatory requirement, thereby rendering that part of the statute meaningless. In fact, the majority concludes that Pryor's only requirement to perfect an appeal was to timely file a notice of appeal under R.C. 4141.282(C) regardless of what information was included, or not included, in that notice of appeal.

**{¶ 30}** Such a selective reading of the statute is not supported by the case law on which the majority relies. *See Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17 ("Just as we require an agency to strictly comply with the requirements of R.C. 119.09, a party adversely affected by an agency decision must likewise strictly comply with R.C. 119.12 in

12

order to perfect an appeal. As the proverb states, what is good for the goose is good for the gander").

**{¶ 31}** Nor is the majority's reading of the statute supported by the principles of statutory construction. It is a tenet of statutory construction that we give effect to the words used and refrain from inserting or deleting words. *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 53-54, 524 N.E.2d 441 (1988). And we give the words their plain and ordinary meaning. The word "shall" has long been construed to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus. Thus, the General Assembly's use of the word "shall" in R.C. 4141.282(D) to describe the requirements upon both the commission and the appellant with respect to naming interested parties is mandatory in both contexts.

**{¶ 32}** The statute means what it says. And "shall" cannot be construed as having one meaning when applied to the commission and another when applied to Pryor. Here, R.C. 4141.282(D) required the commission to provide in the final decision the names and addresses of all interested parties, specifically, Pryor, ODJFS, and the United States Department of the Army. The commission did so. The statute also required Pryor to name all interested parties as appellees in the notice of appeal. By failing to name the Army as an appellee, Pryor did not satisfy the statutory requirement. Thus, he did not comply with a mandatory requirement regarding the contents of his notice of appeal.

**{¶ 33}** It is troubling that the majority excuses this omission but then creates a mandatory requirement for the commission not found in the statute. Under the guise of "common sense," the majority concludes that in order to start the 30-day appeal period, the written notice of final decision must include, in addition to the names and addresses of all interested parties as the statute expressly requires, a label identifying the parties named as "interested parties." This requirement is not

supported by the statutory language. And if common sense is the guide, it would seem that Pryor should have been aware that his former employer—the Army— would be an interested party to his unemployment-compensation appeal. And it makes little sense that anyone other than interested parties would be listed on the commission's notice of final decision.

{¶ 34} It is unclear to me why the majority goes so far as to create an additional requirement for the initiation of the 30-day appeal period, particularly when Pryor did not argue for this additional requirement and the issue is not raised in the conflict question certified to us. If, as the majority holds, all that is required to perfect an appeal is the timely filing of a notice of appeal, regardless of what information that notice contains, then the administrative appeal should not have been dismissed by the trial court for lack of jurisdiction. The majority overreaches its limited role in statutory interpretation to reach its desired outcome.

{¶ 35} To require the commission to strictly comply with a requirement to start the 30-day appeal period that is not plainly expressed in the statute and at the same time hold that Pryor does not have to comply with an explicit requirement regarding the contents of the notice of appeal is inequitable and contravenes basic principles of statutory construction. Accordingly, I dissent.

_____

Marcus Pryor II, pro se.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen P. Carney and Peter T. Reed, Deputy Solicitors, and Susan M. Sheffield, Assistant Attorney General, for appellant.

Charles Cohara, urging affirmance for amicus curiae Southeastern Ohio Legal Services.

Lori K. Elliott, urging affirmance for amicus curiae the Legal Aid Society of Southwest Ohio.

Julie Cortes, urging affirmance for amicus curiae the Legal Aid Society of Cleveland.

Janet E. Hales, urging affirmance for amicus curiae Ohio Poverty Law Center.

Kathleen C. McGarvey, urging affirmance for amicus curiae the Legal Aid Society of Columbus.

Julita L. Varner, urging affirmance for amicus curiae Legal Aid of Western Ohio.

Michelle Wrona Fox, urging affirmance for amicus curiae Community Legal Aid Services, Inc.

_____