[Cite as *Great Lakes Courier Serv., L.L.C. v. State Unemp. Comp. Rev. Comm.*, 2016-Ohio-3143.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Great Lakes Courier Service, LLC, | : | |
| Appellant-Appellant, | : | No. 16AP-2 |
| | | (C.P.C. No. 15CV-8444) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| State of Ohio Unemployment | : | |
| Compensation Review Commission, | | |
| | : | |
| Appellee-Appellee. | | |
| | : | |

D E C I S I O N

Rendered on May 24, 2016

**On brief:** *Peterson, Conners, Fergus & Peer, LLP,* and *Jerry E. Peer, Jr.*, for appellant. **Argued:** *Jerry E. Peer, Jr.*

**On brief:** *Michael DeWine*, Attorney General, and *Susan M. Sheffield*, for appellee. **Argued:** *Susan M. Sheffield*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appellant, Great Lakes Courier Service, LLC ("Great Lakes"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss filed by appellee-appellee, Ohio Unemployment Compensation Review Commission ("commission"). For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} In April 2015, the Ohio Department of Job and Family Services, Office of Unemployment Compensation, notified Great Lakes of its liability as an employer under Ohio unemployment compensation law. Great Lakes filed an application with the director of the Ohio Department of Job and Family Services ("director") requesting a reconsideration of the determination. The director issued a decision affirming the earlier

determination regarding Great Lakes' employer status and corresponding liability under Ohio law. Great Lakes administratively appealed to the commission from the director's decision on the request for reconsideration. In August 2015, the commission issued a decision affirming the director's reconsidered decision.

{¶ 3} In September 2015, Great Lakes timely filed a "Notice of Administrative Appeal" in the Franklin County Court of Common Pleas. The notice of appeal set forth the decision appealed and the commission's alleged error, but it did not name the director as the appellee in the appeal. In November 2015, the commission filed a motion to dismiss for lack of jurisdiction due to Great Lakes not naming the director as the appellee. Great Lakes filed a response to the motion to dismiss, and it moved for leave to amend the notice of appeal to name the director as the appellee. The trial court granted the commission's motion to dismiss upon finding that it lacked jurisdiction. The trial court also noted that, because it lacked jurisdiction, it could not grant Great Lakes' request to amend the notice of appeal. Consequently, the trial court dismissed the appeal. Great Lakes timely appeals from that dismissal.

## II.  Assignment of Error

{¶ 4} Great Lakes assigns the following error for our review:

> The trial court erred in holding that it did not have jurisdiction to permit appellant to amend its notice of appeal.

## III.  Discussion

{¶ 5} In its sole assignment of error, Great Lakes asserts that the trial court erred in holding that it lacked jurisdiction to permit Great Lakes to amend its notice of appeal. Great Lakes argues that the trial court erroneously concluded that it did not meet the statutory requirements to invoke the jurisdiction of the trial court in its appeal from the commission's decision. We agree.

{¶ 6} "Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *Huber Heights Circuit Courts v. Carne*, 74 Ohio St.3d 306, 308 (1996). Consequently, "the failure to properly perfect an appeal leaves the common pleas court with no jurisdiction over the appeal." *McClintick v. Summit Cty. Bd. of Revision*, 9th Dist. No. 23615, 2007-Ohio-5110, ¶ 5. A trial court's decision to dismiss a case for lack of subject-matter jurisdiction is

a question of law an appellate court reviews de novo. *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 12.

{¶ 7} The commission, relying on *WFAL Constr. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-985, 2015-Ohio-3044, argues that Great Lakes' failure to name the director as the appellee in its notice of appeal was a jurisdictional defect. In *WFAL Constr.*, this court affirmed a judgment of the trial court granting the director's motion to dismiss an appeal filed pursuant to R.C. 4141.26. The lead decision in *WFAL Constr.* reasoned that the trial court's decision to dismiss the appeal was proper because R.C. 4141.26 required the appellant, WFAL Construction, to name the director as an appellee in the notice of appeal, and WFAL Construction failed to meet that jurisdictional requirement.

{¶ 8} Here, the trial court considered the reasoning and holding of *WFAL Constr.*'s lead decision to be binding precedent. But the lead decision in *WFAL Constr.* was not joined by either of the other judges on the panel. One panel member concurred in judgment only, and the other panel member, the authoring judge herein, concurred in judgment for a reason not expressed in the lead decision. Thus, while all three judges agreed with the disposition of the appeal—affirming the trial court's judgment—no two judges agreed as to the reasoning for that disposition. Therefore, the holding of the lead decision in *WFAL Constr.* is not binding precedent.

{¶ 9} Based on our review of R.C. 4141.26 and applicable case law, we find that naming the director as a party to an appeal from a commission decision is not a jurisdictional requirement under that statute. In *Reuben McMillan Free Library Assn. v. Mahoning Cty. Budget Comm.*, 175 Ohio St. 191, 194 (1963), the Supreme Court of Ohio stated that where "a statute provides that certain parties are necessary to an appeal, such parties must be joined before the time for filing the appeal has lapsed, otherwise such appeal must fail." However, the Supreme Court has since clarified that the failure to name a necessary party in a notice of appeal from an administrative decision is not fatal to perfecting the appeal if the applicable statute does not so provide. *See Pryor v. Ohio Dept. of Job & Family Servs.*, ___ Ohio St.3d ___, 2016-Ohio-2907 (noting that not every mandatory requirement in an administrative appeal statute is a jurisdictional requirement). For the naming of a certain party in a notice of administrative appeal to be

a jurisdictional requirement, the applicable statute must clearly provide that the naming of that party in the notice is necessary to invoke the trial court's jurisdiction. *Pryor* at ¶ 18, citing *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, ¶ 19.

{¶ 10} The statute applicable here, R.C. 4141.26(D)(2), does not require the naming of the director as appellee in order for an employer to perfect an appeal under that statute. R.C. 4141.26(D)(2) states in pertinent part that "[s]uch appeal shall be taken by the employer or the director by filing a notice of appeal with the clerk of such court and with the commission. Such notice of appeal shall set forth the decision appealed and the errors in it complained of. Proof of the filing of such notice with the commission shall be filed with the clerk of such court." The statute further provides that "[a]fter an appeal has been filed in the court, the commission, by petition, may be made a party to such appeal." R.C. 4141.26(D)(2). Because R.C. 4141.26 does not clearly provide that, in order to invoke the jurisdiction of the trial court, an appealing employer must name the director as an appellee in the notice of appeal, Great Lakes' failure to name the director as the appellee in its notice of appeal was not a jurisdictional defect.

{¶ 11} In support of an alternative basis to affirm the trial court's judgment, the commission argues that the trial court lacked jurisdiction because Great Lakes did not, as required by R.C. 4141.26(D)(2), file proof with the clerk of court that it had filed the notice of appeal with the commission. This argument is unpersuasive.

{¶ 12} For the purpose of this appeal, it is unnecessary to determine whether R.C. 4141.26(D)(2)'s proof of filing requirement is a jurisdictional requirement. Regardless of whether it is jurisdictional, Great Lakes met this requirement. R.C. 4141.26(D)(2) does not specify or mandate a certain manner of delivery of the notice of appeal with the commission, and the commission concedes that Great Lakes timely filed its notice of appeal in the trial court and with the commission. Great Lakes' notice of appeal states in part that it "is being filed with the Commission as well with the Franklin County Court of Common Pleas." (Sept. 24, 2015 Notice of Administrative Appeal, 1.) The commission argues that this statement simply indicated that Great Lakes was going to file the notice of appeal with the commission.

{¶ 13} We disagree with the commission's characterization of the statement in the notice of appeal regarding the filing of the notice of appeal with the commission.

Contrary to the commission's contention, the notice of appeal indicates that Great Lakes concurrently filed the notice of appeal with both the trial court and the commission. And, consistent with the above-quoted statement in the notice of appeal, in the certificate of service attached to the notice of appeal, Great Lakes' counsel certified that a copy of the notice of appeal "has been sent via facsimile, electronic mail, and regular U.S. Mail" to the commission on the day of filing in the trial court. (Sept. 24, 2015 Notice of Administrative Appeal, 2.) The contents of the notice of appeal and the attached certification constituted sufficient proof of the filing of the notice of appeal with the commission. *See Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 16-20 (appellant may satisfy "proof of the filing of [notice of appeal]" with administrative board requirement with statement in notice of appeal).

{¶ 14} For these reasons, we conclude that the trial court erred in dismissing Great Lakes' appeal for lack of jurisdiction. Consequently, the trial court did not lack jurisdiction to permit Great Lakes to amend the notice of appeal to name the director as the appellee. *See Pryor v. Dir., Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 27225, 2015-Ohio-1255, ¶ 11 ("[O]nce an appeal has been perfected, the appellant may seek leave to amend the notice of appeal to cure any nonjurisdictional defects."). Accordingly, we sustain Great Lakes' sole assignment of error.

## IV. Disposition

{¶ 15} Having sustained Great Lakes' sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN, P.J., and SADLER, J., concur.